UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Cr. File No. 07-328 (PAM/JSM)

Plaintiff,

v.                                                                              **ORDER**

Gregory Joseph Jaunich,

Defendant.

_____

This matter is before the Court on Defendant's Appeal of an Order on non-dispositive pretrial Motions issued by Magistrate Judge Janie S. Mayeron on December 19, 2007. The statute requires the Court to review for clear error the decisions of a magistrate judge on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). Having conducted the required review, the Court grants in part and denies in part the appeal.

**DISCUSSION**

**A.     Motion for Participation of Counsel in Voir Dire**

The Government and Defendant agree that the Magistrate Judge erred in denying Defendant's Motion for Participation of Counsel in Voir Dire as moot. Rather, the Magistrate Judge should have denied the Motion without prejudice, leaving the final decision on the participation of counsel in voir dire to this Court. Therefore, the Court will grant Defendant's Appeal as to this Motion and will deny Defendant's Motion without prejudice.

**B.      Motion for Bill of Particulars**

In denying Defendant's Motion for a Bill of Particulars, the Magistrate Judge noted

that a bill of particulars is required "when the indictment is too vague and indefinite." (Mem.

& Order at 6, quoting United States v. Hernandez, 299 F.3d 984, 990 (8th Cir. 2002).)

Defendant asserts that he is entitled to a bill of particulars because the Indictment "implies

there were other false representations in addition to" the representations outlined in detail in

the Indictment. (Def.'s Appeal at 2 (citing Indictment ¶¶ 8.c, 9.c).) However, the paragraphs

of the Indictment Defendant cites do not mention additional false representations not alleged

elsewhere in the Indictment.  Moreover, as the Government notes, should the Government

attempt to introduce evidence at trial as to allegedly fraudulent representations not contained

in the Indictment, Defendant can challenge the evidence at that time.

The Magistrate Judge correctly found that Defendant is not entitled to a bill of

particulars in this case.  The Indictment and the discovery the Government provided are more

than sufficient to allow Defendant to prepare for trial.  See Indictment ¶ 10; Hernandez, 299

F.3d at 989-90 (noting that a bill of particulars is necessary "to enable [a defendant] to

prepare for trial" when the indictment does not do so).  Defendant's Appeal of this decision

is denied.

**CONCLUSION**

For the foregoing reasons, and on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's Appeal (Docket No. 41) is **GRANTED in part and DENIED in part**;

2.    Defendant's Motion for Participation of Counsel in Voir Dire (Docket No. 22) is **DENIED without prejudice**; and

3.    Defendant's Motion for a Bill of Particulars (Docket No. 24) is **DENIED**.

Dated: January 8, 2008

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge